# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS TRIMBLE,<br><br>   Petitioner,<br><br> vs.<br><br>RICK HILL,<br><br>   Respondent. | Case No.:1:12-cv-01316-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST THE STATE COURT REMEDIES<br><br>[Doc. 7] |

  Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

  Petitioner filed the instant petition for writ of habeas corpus on August 13, 2012.

  On September 5, 2012, the Court issued an order to show cause why the petition should not be dismissed for failure to exhaust the state court remedies.  Petitioner filed a response on September 24, 2012.

  In his response, Petitioner claims he has exhausted the state court remedies and attaches a copy of the denial of the state petition issued by the Merced County Superior Court on July 19, 2012.  Petitioner also contends that he requested his appellate counsel to raise the ineffective assistance of trial claims in his direct appeal but he failed to do so.

It is clear from Petitioner's response that the state court remedies have not be exhausted with respect the ineffective assistance of counsel claims raised in the petition.  As Petitioner was advised in the Court's August 29, 2012, order, exhaustion requires the petitioner to present his claims to the State's highest court, which Petitioner clearly has not done.[1]  This conclusion is supported by the fact that the Merced County Superior Court issued its denial order on July 19, 2012, and Petitioner filed the instant petition less than thirty days later on August 13, 2012.  Thus, it is impossible for Petitioner to have also presented his claims to the California Supreme Court for review.[2]  Furthermore, the fact that appellate counsel failed to present the ineffective assistance of counsel claims on direct appeal does not excuse Petitioner from the exhaustion requirement.  Petitioner was informed in the Court's order to show cause that if he raised his claims in the California Supreme Court he must so specify because the burden of proving a claim has been exhausted lies with Petitioner.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Here, it appears plain from the order to show cause and petition for writ of habeas corpus that Petitioner has not exhausted the state court remedies and dismissal is warranted.

---

[1] To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 133-134 (1987).

[2] Indeed, this Court's independent review of the California Supreme Court's website at www.courts.ca.gov, reveals no filings by Petitioner other than the direct appeal.

<u>ORDER</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED without prejudice; and

2. The Clerk of Court is directed to terminate this action.


IT IS SO ORDERED.

   Dated:  **September 28, 2012**              /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE